# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ERECK STEPHENS,

    Plaintiff,

v.

EMBASSY SITE MANAGEMENT, LLC,
JASON SHELDON, and
JULIE JORDYN,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Ereck Stephens ("Plaintiff"), by and through counsel, Lewis Kuhn Swan PC, submits his Complaint and Jury Demand as follows:

## PARTIES

1. Plaintiff is an individual domiciled in the State of Colorado.

2. Defendant Embassy Site Management, LLC ("Embassy Site Management") is a limited liability company organized under the law of the State of Colorado that maintains its principal place of business in the State of Colorado.

3. Defendant Jason Sheldon ("Sheldon") is an individual who, upon information and belief, is domiciled in the State of Colorado.

4. Defendant Julie Jordyn ("Jordyn") is an individual who, upon information and belief, is domiciled in the State of Colorado.

5. Embassy, Sheldon, and Jordyn shall collectively be referred to as "Defendants."

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the federal Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

7. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1331 because it is so related to his federal claims that the claims form part of the same case or controversy.

8. This Court has personal jurisdiction over Embassy Site Management and Sheldon because they reside in the State of Colorado and their conduct alleged herein occurred in this state. This Court has specific personal jurisdiction over Jordyn because this action arises out of her contacts with the State of Colorado.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Embassy Site Management and Sheldon reside in the State of Colorado and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

10. Embassy Site Management is a professional landscape management and snow removal company based in Colorado. Sheldon is the President of Embassy Site Management and is one of the individuals responsible for the company's employment practices.

11. Embassy Site Management is one of several sister entities that share common management operations. Among other Embassy entities are Embassy Landscape Group, Inc., Embassy Lawn and Landscaping, Inc., and Embassy Landscape Management, LLC (collectively, the "Embassy Entities").

12.   Upon information and belief, the Embassy Entities are structured in this manner to provide the appearance that each entity is "small business" for purposes of securing government contracts, including a lucrative landscaping contract won by Embassy Lawn and Landscaping, Inc. for services at Peterson Air Force Base in Colorado Springs, Colorado.

13.   Collectively, the Embassy Entities have annual revenues of several million dollars and employ over 100 people throughout the United States.

14.   The Embassy Entities are an "integrated employer" under the FMLA. *See* 29 C.F.R. § 825.104(c)(2). Among other things, the entities share common management, are related and integrated, have centralized control of labor relations, and have a high degree of common financial and ownership control.

15.   Embassy Site Management employed Plaintiff as a Branch Manager in Colorado Springs, a position in which he earned $52,000 per year plus benefits.

16.   As part of Plaintiff's employment, Embassy Site Management provided Plaintiff an Employee Handbook outlining the company's policies and procedures. As relevant here, the Employee Handbook provides that all employees "who have worked at least 1,250 hours in the past 12 months . . . may take up to 12 weeks of unpaid leave during a 12-month period for . . . a serious health condition" pursuant to the FMLA.

17.   In late 2019, Plaintiff was diagnosed with advanced rectal cancer and advised by his medical professionals to undergo surgery including a colostomy.

18.   Plaintiff thereafter requested a medical leave of absence pursuant to Embassy Site Management's policies and procedures and the FMLA.

19. Embassy Site Management approved Plaintiff's FMLA leave request in early December 2019.

20. On January 28, 2020, Embassy Landscape Group, Inc. (on behalf of Embassy Site Management) sent Plaintiff a certified letter confirming Plaintiff's FMLA leave status. Jordyn signed the letter as the company's Human Resources Manager. Among other things, the letter stated that "Embassy expects [Plaintiff] to return to fulltime work on or about February 27, 2020."

21. Plaintiff underwent surgery in December 2019 after being approved for FMLA leave.

22. On February 3, 2020, Plaintiff returned to work and provided Embassy Site Management and Jordyn a letter from his medical provider stating that Plaintiff "may return to work on 02/03/2020, [f]ull time without restrictions."

23. Jordyn refused to accept this letter because, in her opinion, Plaintiff was not medically fit to return to work. Upon information and belief, Jordyn has no formal medical training.

24. Jordyn instead demanded to speak with Plaintiff's treating surgeon to confirm his medical status. While he had no legal obligation to do so, Plaintiff arranged a call between Jordyn and his surgeon. During the call, Plaintiff's surgeon confirmed that Plaintiff could return to work without restrictions.

25. Plaintiff thereafter returned to work for a second time. Upon his return, Embassy Site Management terminated Plaintiff's employment and demanded that Plaintiff sign a Severance and Release Agreement. The agreement provided Plaintiff a severance of $1,304.61 in exchange

for a release of his FMLA claims and an agreement that he would not compete against Embassy Site Management.

26. Upon information and belief, Sheldon and Jordyn made the decision to terminate Plaintiff's employment.

**FIRST CLAIM FOR RELIEF**
*FMLA Interference*
**(Plaintiff v. All Defendants)**

27. Plaintiff incorporates by reference all other allegations in this Complaint.

28. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the act]." 29 U.S.C. § 2615(a)(1).

29. The FMLA further requires employees who take leave "to be restored by the employer to the position of employment held by the employee when the leave commenced" or "to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

30. Among other things, the interference provision of the FMLA "prohibits an employer from discriminating or retaliating against an employee . . . for having exercised . . . FMLA rights. . .. [E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as . . . disciplinary actions[.]" 29 C.F.R. § 825.220(c).

31. Embassy Site Management is an employer engaged in commence as defined by the FMLA. Among other things, as an integrated employer, the Embassy Entities collectively employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

32. Alternatively, Embassy Site Management is equitably estopped from challenging its status as covered employer based on its representations to Plaintiff that he was entitled to take a leave of absence pursuant to the FMLA.

33. Sheldon is an employer as defined by the FMLA and is thus individually liable because, at all times relevant hereto, he was acting, directly or indirectly, in the interest of Embassy Site Management when he committed the unlawful acts described in this Complaint.

34. Jordyn is an employer as defined by the FMLA and is thus individually liable because, at all times relevant hereto, she was acting, directly or indirectly, in the interest of Embassy Site Management when she committed the unlawful acts described in this Complaint.

35. Plaintiff was, at all relevant times, an eligible employee as defined by the FMLA.

36. Plaintiff was entitled to take FMLA leave of absence and lawfully took such leave to attend to a serious health condition, specifically to undergo a surgery to treat advanced rectal cancer.

37. Plaintiff gave Embassy Site Management adequate notice, provided proper medical documentation for his serious health condition, and followed Embassy Site Management's policies in requesting a medical leave of absence.

38. Defendants nonetheless interfered with Plaintiff's right to take FMLA leave in a number of ways, including, without limitation, questioning the medical determinations of his medical providers, demanding to speak with his medical providers, and terminating Plaintiff for taking FMLA leave.

39. Defendants took the above actions in an effort to interfere with Plaintiff's rights under the FMLA and, upon him returning to work, to punish Plaintiff for having taken leave under the FMLA.

40. Defendants' interference with Plaintiff's right to take FMLA leave has damaged Plaintiff in an amount to proven at trial including, without limitation, loss of pay.

41. Defendants' interference with Plaintiff's right to take FMLA leave was willful because, among other things, Defendants knew of Plaintiff's medical leave. Plaintiff is thus entitled to an award of liquidated damages.

**SECOND CLAIM FOR RELIEF**
*FMLA Discrimination and Retaliation*
**(Plaintiff v. All Defendants)**

42. Plaintiff incorporates by reference all other allegations in this Complaint.

43. The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this [the act]." 29 U.S.C. § 2615(a)(2).

44. As set out above, Defendants were each covered employers under the FMLA, and Plaintiff was an eligible employee.

45. Plaintiff engaged in protected activity on several occasion, including when he initially requested leave and when he went out on leave.

46. Defendants thereafter discriminated and retaliated against Plaintiff by, among other things, demanding to speak with Plaintiff's medical providers and terminating Plaintiff for taking FMLA leave.

47. Defendants' retaliation has damaged Plaintiff in an amount to be proven at trial.

48. Defendants' discriminatory and retaliatory conduct described in this Complaint was willful because, among other things, Defendants knew of Plaintiff's medical leave. Plaintiff is thus entitled to an award of liquidated damages.

### THIRD CLAIM FOR RELIEF
*Promissory Estoppel*
**(Plaintiff v. Embassy Site Management and Jordyn)**

49. Plaintiff incorporates by reference all other allegations in this Complaint.

50. Embassy Site Management and Jordyn promised Plaintiff that he could take a medical leave of absence without suffering employment consequences.

51. Embassy Site Management and Jordyn should have reasonably expected their promise would induce action or forbearance by Plaintiff.

52. Plaintiff reasonably relied on the promise to his detriment.

53. The promise must be enforced to prevent injustice to Plaintiff.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

a) An award of back pay and lost employment benefits in an amount to be established at trial;

b) Reinstatement or an award of front pay in lieu of reinstatement in an amount to be established at trial;

c) Liquidated damages;

d) Interest as provided for by law;

e) Appropriate declaratory and injunctive relief;

f) Attorneys' fees and costs; and

g) Any such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 14th day of March, 2020.

                                        */s/ Michael D. Kuhn*
                                        Paul F. Lewis
                                        Michael D. Kuhn
                                        Andrew E. Swan
                                        LEWIS | KUHN | SWAN PC
                                        620 North Tejon Street, Suite 101
                                        Colorado Springs, CO 80903
                                        Telephone: (719) 694-3000
                                        Facsimile: (866) 515-8628
                                        Email: plewis@lks.law
                                                     mkuhn@lks.law
                                                     aswan@lks.law

                                        *Attorneys for Plaintiff*