IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–00709–KMT

ERECK STEPHENS,

    Plaintiff,

v.

EMBASSY SITE MANAGEMENT, LLC,
JASON SHELDON, and
JULIE JORDYN,

    Defendants.

## ORDER

    This matter is before the court on "Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for a More Definite Statement" (Doc. No. 23 [Mot.], filed May 19, 2020, to which Plaintiff responded in opposition (Doc. No. 24 [Resp.], filed May 21, 2020). Defendants did not file a reply.

### STATEMENT OF CASE

    Plaintiff filed his Complaint on March 14, 2020, asserting jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1 [Compl.], ¶¶ 6–7.) Plaintiff states he was employed as a Branch Manager by Defendant Embassy Site Management, LLC ("Embassy Site Management"), a professional landscape management and snow removal company based in Colorado. (*Id.*, ¶¶ 10, 15.) As part of Plaintiff's employment, Embassy Site Management provided Plaintiff an

Employee Handbook outlining the company's policies and procedures, which stated, in relevant part, that all employees "who have worked at least 1,250 hours in the past 12 months . . . may take up to 12 weeks of unpaid leave during a 12-month period for . . . a serious health condition" pursuant to the Family Medical Leave Act ("FMLA"). (*Id.*, ¶ 16.) In late 2019, Plaintiff was diagnosed with advanced rectal cancer and advised by his medical professionals to undergo surgery including a colostomy. (*Id.*, ¶ 17.) Plaintiff thereafter requested a medical leave of absence pursuant to Embassy Site Management's policies and procedures and the FMLA. (*Id.*, ¶ 18.) Embassy Site Management approved Plaintiff's FMLA leave request in early December 2019. (*Id.*, ¶ 19.)

Plaintiff alleges on January 28, 2020, Embassy Landscape Group, Inc. (on behalf of Embassy Site Management) sent Plaintiff a certified letter confirming Plaintiff's FMLA leave status. (*Id.*, ¶ 20.) Defendant Julie Jordyn ("Jordyn"), the company's Human Resource Manager, signed the letter. (*Id.*) Among other things, the letter stated that "Embassy expects [Plaintiff] to return to fulltime work on or about February 27, 2020." (*Id.*)

Plaintiff underwent surgery in December 2019. (*Id.*, ¶ 21.) On February 3, 2020, Plaintiff returned to work and provided Embassy Site Management and Jordyn a letter from his medical provider stating that Plaintiff "may return to work on 02/03/2020, [f]ull time without restrictions." (*Id.*, ¶ 22.) Plaintiff alleges Jordyn refused to accept this letter because, in her opinion, Plaintiff was not medically fit to return to work. (*Id.*, ¶ 23.) Plaintiff alleges Jordyn demanded to speak with Plaintiff's treating surgeon to confirm Plaintiff's medical status. (*Id.*, ¶ 24.) Plaintiff arranged a call between Jordyn and his surgeon, during which Plaintiff's surgeon confirmed Plaintiff could return to work without restrictions. (*Id.*)

Plaintiff alleges that, upon his return to work, Embassy Site Management terminated his employment and demanded that Plaintiff sign a Severance and Release Agreement.  (*Id.*, ¶ 25.)  The agreement provided Plaintiff a severance of $1,304.61 in exchange for a release of his FMLA claims and an agreement that he would not compete against Embassy Site Management.  (*Id.*)

Plaintiff asserts claims against all defendants for FMLA Interference and FMLA Discrimination and Retaliation.  (*See* Compl. at 5–8.)  Plaintiff asserts a claim for Promissory Estoppel against Defendants Embassy Site Management and Jordyn.  (*Id.* at 8.)

Defendants move to dismiss Plaintiff's claims or, in the alternative, for a more definite statement.  (Mot.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

**ANALYSIS**

*A.    FMLA Claims*

Embassy Site Management argues that Plaintiff has failed to allege facts to show it is a covered employer under the FMLA.  (Doc. No. 23–1 [Defs.' Br. in Supp. of Their Mot. to Dismiss Pl.'s Compl., or in the Alternative, Mot. for a More Definite Statement] [Defs.' Br.], at 3–4.)

The FMLA specifically defines an "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year . . . ."  29 U.S.C. § 2611(4).

Plaintiff appears to rely on the integrated employer theory to establish the minimum employee threshold under the FMLA.  (*See* Compl., ¶¶ 11, 13–14.)  The integrated employer test, which is set forth in the FMLA regulations, provides as follows:

> Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the integrated employer test.  Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility.  A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality.  Factors considered in determining whether two or more entities are an integrated employer include: (i) Common management; (ii) Interrelation between operations; (iii) Centralized control of labor relations; and (iv) Degree of common ownership/financial control.

C.F.R. § 825.104(c)(2).

To defeat the motion to dismiss, Plaintiff must plausibly claim that Embassy Site Management is integrated with the Embassy Entities.  In his Complaint, Plaintiff alleges as follows:

5

> 11. Embassy Site Management is one of several sister entities that share common management operations. Among other Embassy entities are Embassy Landscape Group, Inc., Embassy Lawn and Landscaping, Inc., and Embassy Landscape Management, LLC (collectively, the "Embassy Entities").
>
> . . .
>
> 13. Collectively, the Embassy Entities have annual revenues of several million dollars and employ over 100 people throughout the United States.
> 14. The Embassy Entities are an "integrated employer" under the FMLA. *See* 29 C.F.R. § 825.104(c)(2). Among other things, the entities share common management, are related and integrated, have centralized control of labor relations, and have a high degree of common financial and ownership control.

(Compl., ¶¶ 11, 13–14.) Beyond Plaintiff's broad, conclusory allegations that Embassy Site Management and the Embassy Entities "share common management operations" (*id.*, ¶ 11) and "share common management, are related and integrated, have centralized control of labor relations, and have a high degree of common financial and ownership control" (*id.*, ¶ 13), Plaintiff fails to allege any specifics about the degree of common management, the interrelation between operations, centralized control of labor relations, or the degree of common ownership and financial control.

Plaintiff attempts to save his FMLA claims by urging the court to consider documents outside the pleadings. (Resp. at 7.) "If, on a motion under Rule 12 (b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)). However, the court has "broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998). Thus, the court "has discretion in deciding whether to convert a motion to dismiss into a motion for summary judgment by accepting or rejecting the attached

documents." *JP Morgan Trust Co. Nat. Ass'n v. Mid–America Pipeline Co.*, 413 F.Supp.2d 1244, 1256–57 (D. Kan. 2006).

Nevertheless, "a district court may consider indisputably authentic documents that are central to the plaintiff's claim and referred to in the complaint without converting the motion to one for summary judgment." *N.E.L. v. Gildner*, 780 F. App'x 567, 571 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 936 (2020) (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008)). If a document is neither quoted nor referenced in the operative pleading, nor sufficiently alleged as authentic and undisputed, the document may not be considered for a Rule 12(b)(6) analysis. *See N.E.L. v. Douglas Cnty., Colo.*, 740 F. App'x 920, 933 (10th Cir. 2018), *reh'g denied* (July 17, 2018), *cert. denied sub nom. N.E.L. v. Douglas Cnty., Colo.*, 139 S. Ct. 1320 (2019).

Plaintiff attaches a letter written to him by Defendant Jordyn on January 28, 2020, in which she confirms the beginning date for Plaintiff's FMLA leave and that he is allowed up to twelve weeks of unpaid leave. (Resp. at 7 & Ex. 1.) The letter is referenced in Plaintiff's Complaint (Compl., ¶ 20) and is central to Plaintiff's FMLA claims. Accordingly, the court considers the letter without converting the motion to dismiss into a motion for summary judgment. Plaintiff argues that the letter "demonstrates the degree of integration among the Embassy Entities." (Resp. at 7.) The court disagrees. Other than the fact the letter isw written on Embassy Landscape Group, Inc.'s letterhead, it is devoid of any information about the degree of common management, the interrelation between operations, centralized control of labor relations, or the degree of common ownership and financial control. *See* C.F.R. § 825.104(c)(2).

Plaintiff also urges the court to consider information filed with the Colorado Secretary of State regarding Embassy Landscape Management, LLC. (Resp. at 7 & Ex. 2.) The court agrees that it may consider this filing under Rule 12(b)(6) as a matter of public record. *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). Plaintiff argues that Embassy Site Management "also identifies its principal office as 6105 NW River Park Drive, Riverside, Missouri 80923—the headquarters for Embassy Landscape Group, Inc, suggesting a high degree of common ownership and financial control." (*Id.*) However, the Complaint asserts only that Embassy Site Management "is a limited liability company organized under the law of the State of Colorado that maintains its principal place of business in the State of Colorado." (Compl., ¶ 2.) There is no reference in the Complaint or elsewhere to the address of Embassy Site Management's principal office. Moreover, the document provided by Plaintiff from the Colorado Secretary of State relates solely to Embassy Landscape Management, L.L.C., with no reference to Embassy Site Management or any information about the degree of common management, the interrelation between operations, centralized control of labor relations, or the degree of common ownership and financial control between Embassy Site Management and the Embassy Entities. *See* C.F.R. § 825.104(c)(2).

Without further information, the court cannot determine whether Embassy Site Management and the Embassy Entities constitute an integrated employer for FMLA purposes. Thus, the court concludes that Plaintiff has failed to allege sufficient facts to state an FMLA claim, and the FMLA claims must be dismissed.

Finally, in his response, Plaintiff requests an opportunity to amend his complaint if necessary. (Resp. at 12.) "Refusing leave to amend is generally only justified upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Castiegien, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Subsequent to the filing of the motion to dismiss, Plaintiff has made no formal motion to amend his complaint. The Local Rules in this District are clear that "[a] motion shall not be included in a response or reply to the original motion," but rather "shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Moreover, the court need not grant leave to amend when a plaintiff fails to make formal motion, and an informal request to amend in response to a motion to dismiss is insufficient if it fails to give grounds for proposed amendment. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999). *See also McNamara v. Pre–Paid Legal Servs., Inc.*, 189 F. App'x 702, 719 (10th Cir. 2006) ("Plaintiffs failed to adequately request amendment and to support that request. Consequently, the district court did not err in dismissing this case without leave to amend."); *Blythe v. Southwest Airlines Co.*, No. 10–2047, 2010 WL 2473863, at *3 (10th Cir. June 18, 2010) (concluding that the plaintiff's request, in response to a motion to dismiss, for sixty days to amend her complaint failed to " 'give adequate notice to the district court and to the opposing party of the basis of the proposed amendment' " and, therefore, "the district court correctly denied her leave to amend her complaint") (quoting *Calderon*, 181 F.3d at 1186–87).

The court declines Plaintiff's request for leave to amend his complaint. However, the court will dismiss Plaintiff's FMLA claims without prejudice. *See*, *e.g.*, *Preece v. Cooke*, No. 13–cv–03265–REB–KLM, 2014 WL 6440406, at *1 (D. Colo. Nov. 17, 2014) (stating that "[a]

dismissal under Rule 12(b)(6) is a determination on the merits . . . and presumptively is entered with prejudice," but that a case presenting "a scenario in which . . . [the plaintiff] might be able to replead to state a viable claim if the facts were made clearer or expanded in some way" may be a candidate for dismissal without prejudice).

### B.     *Promissory Estoppel*

Having dismissed Plaintiff's only claims arising under federal law, the court next addresses the issue of whether it should exercise supplemental jurisdiction over his state-law promissory estoppel claim.  While courts may exercise supplemental jurisdiction over state law claims if there is otherwise a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) states that a court may decline to exercise jurisdiction over such claims if "the district court has dismissed all claims over which it has original jurisdiction."  When § 1367(c)(3) is implicated in the Tenth Circuit, courts are advised to dismiss pendent state law claims " 'absent compelling reasons to the contrary.' "  *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir.1995) (reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed").

Finding no compelling reason here to retain jurisdiction, the court will dismiss Plaintiff's promissory estoppel claim without prejudice.  *See* Colo. Rev. Stat. § 13–80–111 (permitting claims properly commenced within the statute of limitations to be re-filed if involuntarily dismissed because of lack of jurisdiction); *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834

(Colo. App. 1996) (interpreting 28 U.S.C. § 1367(d) as tolling the statute of limitations while claim is pending in federal court); *see also City of Los Angeles v. Cnty. of Kern*, 328 P.3d 56, 65 (Cal. 2014) (noting that interpretations of § 1367(d) vary between jurisdictions).

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for a More Definite Statement" (Doc. No. 23) is **GRANTED**.  Plaintiff's claims are dismissed without prejudice.  It is further

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case.  It is further

**ORDERED** that the defendant is awarded its costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is further

**ORDERED** that this case is **CLOSED**.

Dated this 8th day of March, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge